311 Ga. 258
FINAL COPY


S21A0269. BRANDON v. THE STATE.


PETERSON, Justice.

Eric Brandon admitted shooting and killing his stepson, Alexander Koser, and the evidence showed that Koser was shot several times at close range. Brandon was convicted of malice murder and other crimes in connection with the killing.[1] On appeal, Brandon argues only that the trial court erred in prohibiting him from asking the jury venire whether anyone believed that a person

---

[1] The crimes occurred on February 12, 2012. In May 2012, a Fulton County grand jury indicted Brandon for malice murder, felony murder predicated on aggravated assault, aggravated assault with a deadly weapon, and possession of a firearm during the commission of a felony. At a jury trial in December 2013, Brandon was found guilty on all counts of the indictment; the jury specified on the verdict form that it found Brandon not guilty of voluntary manslaughter as a lesser offense of the murder charges. The trial court sentenced Brandon to life in prison for malice murder and a five-year consecutive term for the firearms charge; the remaining counts were vacated by operation of law or merged for sentencing purposes. Brandon timely filed a motion for new trial, which he later amended through new counsel in August 2016 and November 2019. On January 14, 2020, the trial court denied Brandon's motion for new trial. Brandon timely filed a notice of appeal, and his case was docketed to this Court's term beginning in December 2020 and submitted for a decision on the briefs.

who had been arrested must be guilty of a criminal offense. But Brandon did not object to the trial court's sua sponte ruling that he now seeks to appeal, which forecloses his claim.

For more than 150 years, we have held that defendants must lodge contemporaneous objections to a trial court's ruling in order to preserve a claim of error for ordinary appellate review. See, e.g., *Goodtitle v. Roe*, 20 Ga. 135, 140 (1856); *Burtine v. State*, 18 Ga. 534, 537 (1855). Brandon acknowledges this longstanding precedent, which has been applied to claims of error stemming from a trial court's sua sponte limitation of voir dire questions. See, e.g., *Hurt v. State*, 298 Ga. 51, 59 (4) (779 SE2d 313) (2015). Brandon argues that we should overrule or relax that precedent, relying on provisions of the current Evidence Code and Federal Rules of Criminal Procedure. But none of the cited provisions apply to voir dire questions, and we decline to reconsider our precedent. And although certain unpreserved claims of error may be reviewed for plain error, Brandon's claim is not one of those that is subject to such review. See *Keller v. State*, 308 Ga. 492, 497 (2) (a) (842 SE2d 22) (2020)

(outlining four circumstances in which plain error review is allowed and explaining that this Court will not expand such review to other circumstances absent direction from the General Assembly). Because Brandon's single claim of error has not been preserved, we affirm.

*Judgment affirmed. All the Justices concur.*

Decided April 5, 2021.

Murder. Fulton Superior Court. Before Judge Newkirk.

*Cara Clark*, for appellant.

*Paul L. Howard, Jr., District Attorney, Lyndsey H. Rudder, Stephany J. Luttrell, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Elizabeth Rosenwasser, Assistant Attorney General,* for appellee.